FILED
MAY 22 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM OSCAR HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-844 |
| THE UNITED STATES, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

For purposes of this Memorandum Opinion, the court consolidates two complaints that the plaintiff submitted to the Clerk of Court on May 20, 2013. Upon review of the plaintiff's applications to proceed *in forma pauperis* and each *pro se* civil complaint, the court will grant the applications and dismiss the complaints.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The plaintiff here, "William Oscar Harris[,] was convicted by a jury of one count of conspiracy to defraud the United States . . . and six counts of passing fraudulent money orders and aiding or abetting of such acts . . . . Harris was sentenced to a term of imprisonment of 188

1

months for his crimes." *Harris v. Levi*, Nos. 08-1792 & 10-3493, 2011 WL 2037016, at *1 (D.N.J. May 24, 2011); *see United States v. Harris*, 271 F. App'x 188, 188 (3d Cir. 2008) (per curiam) (affirming judgments of sentence). According to the plaintiff, the defendant "fail[ed], neglect[ed], and/or refus[ed] to deliver a true copy of the order of commitment, due within six (6) hours after demand," Compl. ¶ 1, and for this alleged harm, plaintiff demands "a final judgment . . . in the sum certain of $1,112,000.00 USD . . . for his damages as suffered at their hands," *id.* ¶ 9, as described in his administrative claim submitted to the United States Department of Justice under the Federal Tort Claims Act, *see id.*, Ex. (Claim for Damage, Injury, or Death (Standard Form 95) dated July 28, 2012).

Absent any showing that the plaintiff has been wrongly convicted, a tort claim arising from his conviction and sentence is necessarily without merit. *See, e.g., Harris v. United States*, No. 13-0879, 2013 WL 4494660, at *1 (D.D.C. June 11, 2013) (dismissing as frivolous tort claim for damages arising from the plaintiff's current incarceration). This complaint is frivolous and it must be dismissed. *See* 28 U.S.C. §§ 1915(e)(1)(B)(i), 1915A(b)(1).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Royce C. Lamberth
United States District Judge

DATE: 5/8/2014

2